[Cite as *State v. Piper*, 2015-Ohio-5228.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| RICHARD L. PIPER | : | Case No. 15 CAC 05 0040 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Municipal Court,
                                 Case No. 14TRC00582


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                December 14, 2015


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH SCHMANSKY                          DAVID H. BIRCH
70 North Union Street                     286 South Liberty Street
Delaware, OH  43015                       Powell, OH  43065

*Farmer, J.*

{¶1} On May 21, 2014, appellant, Richard Piper, pled guilty to physical control of a vehicle while under the influence in violation of R.C. 4511.194. By judgment entry filed same date, the trial court ordered appellant to pay a $250.00 fine and serve one year of community control. The terms of community control filed on May 22, 2014 included, "[c]ontact your community control officer as directed" and "[c]omply with the following sentence set by the Court" which included the payment of the $250.00 fine and court costs.

{¶2} On December 18, 2014, appellant's community control officer filed a notice of community control violation, noting appellant failed to appear for office appointments as directed, failed to pay his fine and costs as directed, and failed to appear in court on July 1, 2014 to show cause for non-payment. A hearing was held on April 27, 2015. By judgment entry filed same date, the trial court found appellant had violated the terms of his community control, terminated his community control, and ordered him to serve thirty days in jail.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY VIOLATING THE APPELLANT'S DUE PROCESS RIGHTS AS PROTECTED BY THE UNITED STATES CONSTITUTION."

I

{¶5}  Appellant claims the trial court violated his due process rights by permitting the probation officer to assume the role of prosecutor during the revocation hearing.  We disagree.

{¶6}  As noted by our brethren from the Third District in *State v. Westrick,* 196 Ohio App.3d 141, 2011-Ohio-1169, ¶ 23:

Additionally, although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding.***The minimum due process requirements for revocation hearings include that the offender have "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)."***  (Citations omitted.)

{¶7}  On December 18, 2014, a notice of community control violation was filed, explaining the following:

The following are the orders of the Court and/or the conditions of community control with which you have failed to comply: Condition 3, to wit: Contact your Community Control officer as directed.  Condition 9(A), to wit: pay fines and court costs as directed.

The evidence against you consists of: This officer's testimony, the defendant failed to report for office appointments on 7-28-14 and 12-4-14.

The defendant does not live at the address provided and has not updated his address with the court.  The defendant failed to pay fines and costs by 7-01-14 and failed to appear in court on said date to show cause for non-payment.

{¶8}    There is an undocketed document in the file labeled "Transcription of Hearing" which is "certified" to be "a true and accurate representation of that record" and is signed by appellant's trial/appellate counsel.  The two page document indicates the matter was heard before the trial court with appellant, his attorney, and community control officer Doug Stadler present.  Defense counsel indicated that although he had been very recently retained, he was ready to proceed.  The substance of the entire hearing is as follows:

Judge: So my understanding we are having a hearing on this matter.  Mr. Stadler are you ready to proceed?

Probation officer: I am.

Judge: You can call your first witness which is probably yourself.

Probation officer: Yes it is. (Witness sworn in)  Based on my notes Mr. Piper was placed on community control for physical control into. (sic) on May 21 2014 for one year on non reporting probation.  I mailed an appointment letter to his address in July of 2014.  [H]e did not appear.  I mailed another letter for December 4, 2014.  [H]e did not appear.  I got a returned letter saying he did not reside at the address I had listed.  He

recently updated his address. It is now 102 Diersing Road Croton Ohio. The address I did have was N. Main Street Johnstown, Ohio. Mr. Piper did not update that address with me so I did a probation violation and requested a warrant after he failed to report for a show cause hearing on July 1. We came in for a preliminary hearing, Mr. Piper tested positive for opiates. He said he had a prescription. He did not provide the prescription.

Def. Atty.: Objection. That is not relevant. It is not addressed in the probation violation notice.

Judge: Sustained. Just talk about what he was actually violated on.

Probation officer: And that's all I have.

Transcript concludes.

{¶9} By judgment entry filed April 27, 2015, the trial court found appellant had violated the terms of his community control, terminated his community control, and ordered him to serve thirty days in jail.

{¶10} Based upon the undocketed transcript signed by appellant's attorney, we find although no attorney represented the interests of the state, appellant did not object to the procedure, and there is no indication of any due process violations. Appellant was represented by counsel who made an objection which was sustained, and the probation officer was under oath, subject to cross-examination.

{¶11} Upon review, we find the trial court did not err in conducting the revocation hearing.

{¶12}  The sole assignment of error is denied.

{¶13}  The judgment of the Municipal Court of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

SGF/sg 1124